Minute Order Form (06/97)

35b

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5024 | **DATE** | 4/5/2001 |
| **CASE TITLE** | MADISON vs. THE SHERWIN WILLIAMS COMPANY | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Pursuant to Memorandum Opinion and Order entered this day, defendant's motion for summary judgment is granted. This action is dismissed in its entirety. All other pending motions are moot. All previously set dates and schedules are stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | APR - 6 2001 | 37 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | IS | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 4/5/2001 date mailed notice | |
| JS | courtroom deputy's initials | JS mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARY MADISON,

    Plaintiff,

v.

THE SHERWIN WILLIAMS COMPANY,

    Defendant.

No. 99 C 5024

DOCKETED

APR - 6 2001

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Plaintiff Mary Madison ("Madison") filed a single-count complaint on August 2, 1999 against defendant The Sherwin Williams Company ("Sherwin"). The complaint alleged violations under Title VII of the Civil Rights Act ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Family and Medical Leave Act ("FMLA"). On May 9, 2000, this court dismissed Madison's claims under Title VII and the ADA with prejudice and dismissed Madison's claim under the FMLA without prejudice. On June 22, 2000, Madison filed an amended complaint alleging a violation under the FMLA. On March 9, 2001, Sherwin filed this motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated herein, Sherwin's motion for summary judgment is GRANTED.

37

## STATEMENT OF FACTS[1]

On April 6, 1993, Sherwin hired Madison as a lab technician. As a lab technician, Madison was responsible for testing various paint mixtures in order to ensure that the mixtures performed to customer specifications. Madison worked in Sherwin's Chicago, Illinois facility. After working for approximately three years, Madison developed carpal tunnel syndrome which required surgery. Madison took FMLA leave between April, 1996 and July, 1996. In July, 1996, Madison returned to work to the same position she held prior to her FMLA leave. In September, 1996, Sherwin placed Madison on a medical leave of absence because she was unable to perform the essential functions of a lab technician and there were no accommodations available. Madison did not return to work for 19 months.

In June, 1997, Sherwin contacted Madison to facilitate Madison's return to work "by providing reasonable accommodations consistent with [Madison's] lifting restriction[s]." (Def. Local Rule 56.1(a) Stmt. ¶15). Sherwin requested that Madison provide additional information in order to assist in the accommodation process. Madison provided to Sherwin notes containing her doctor's limitations but did not otherwise participate in the accommodation process. In December, 1997, Sherwin proposed to Madison that she continue her employment at Sherwin as an "ISO Coordinator" ("ISO"). The ISO position, as proposed to Madison, primarily involved the regular calibration of laboratory equipment in order to ensure accurate readings. Madison accepted the ISO position and returned to work March, 1998.

In June, 1998, Sherwin again placed Madison on a medical leave of absence because

---

[1] The following facts are undisputed and are taken from the defendant's and plaintiff's Local Rule 56.1(a) & (b) statements of undisputed material facts and accompanying exhibits.

2

Madison was unable to perform the job of ISO in light of her medical conditions. Madison returned to work in September, 1998, as an ISO with instructions to only perform tasks that did not violate her medical restrictions. In December, 1998, Madison requested a medical leave under FMLA because of a respiratory infection, pelvic pain, miscarriage, stress and depression. Sherwin granted Madison's fourth medical leave on December 8, 1998.

During December, 1998, while Madison was on FMLA leave, Sherwin underwent a reduction in force ("RIF"). Sherwin's goals was to re-organize its Chicago facility and to become more responsive to internal sales and marketing teams. As a part of the RIF, J. Michael Stone ("Stone"), Vice President of the Technical Chemical Coatings Business Unit of Sherwin, determined that the Chicago facility would first need to eliminate a number of jobs that did not directly impact sales and marketing efforts and then re-align the remaining human resources in order to better assist the sales and marketing efforts.

Stone implemented a plan whereby additional employees were to be assigned to perform "bench work" in the laboratory. "Bench work" included the mixing of paint samples, and other coating products with a variety of raw materials, and the testing of these mixtures to achieve specific results needed by customers. After reviewing the utility of all the positions at the Chicago facility, Stone eliminated five positions that did not directly affect sales and marketing efforts. The five positions eliminated were the Raw Materials Buyer, the Electrician, the Polymer Scientist, the Polymer Chemist and the ISO. The positions of Polymer Chemist and Scientist were discontinued altogether. The responsibilities of the Raw Materials Buyer were absorbed by remaining resources and the position of Electrician was "outsourced" to a private contractor. The duties and responsibilities of the ISO were absorbed by the Quality Auditor and the Staff Chemist. In

December, 1998, Madison could not perform the functions of a Quality Auditor or of a Staff Chemist. In addition, prior to her leave in December, 1998, Madison could not perform the essential functions of the ISO, and after taking that leave Madison still cannot perform the essential functions of the ISO position. After the RIF, Madison could not perform the functions of any other open position remaining within the Chicago facility. Madison was terminated from Sherwin on January 15, 1999. Madison has not worked at all for any employer since that time. This lawsuit was initiated on August 2, 1999.

## STANDARD OF REVIEW

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in the nonmovant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1996). This court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.

A party who bears the burden of proof on a particular issue, however, may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986). There is no issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249, 106 S. Ct. at 2511.

## ANALYSIS

The FMLA gives an eligible employee the right to take up to 12 weeks of unpaid leave during a 12-month period for the birth, adoption, or assumption of foster care of a child, or for the care of a spouse or immediate family member with a serious health condition, or for a serious health condition that prevents the employee from performing the functions of his or her job. 29 U.S.C. § 2612(a)(1). The FMLA was enacted because Congress found, among other things, "inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods." 29 U.S.C. § 2601(a)(4). The Act is intended to "balance the demands of the workplace with the needs of families" and "entitle employees to take reasonable leave for medical reasons." 29 U.S.C. § 2601(b)(1) & (2). The FMLA seeks to accomplish these purposes "in a manner that accommodates the legitimate interests of employers." 29 U.S.C. § 2601(b)(3).

Madison argues that Sherwin violated the FMLA when Sherwin eliminated her position and terminated her employment with the company while she was on qualified leave. (Am.Compl. ¶14). Madison asserts that Sherwin's treatment of her in light of her medical conditions caused her to lose both employment and unemployment benefits. Madison claims that Sherwin forced her to return from FMLA leave to a job she could not perform which eventually aggravated her medical conditions in order to keep her from receiving employee benefits. Madison's arguments in response to this motion for summary judgment lack merit and legal foundation under the FMLA.

Sherwin argues that this court should grant summary judgment in its favor because Madison was terminated as part of a legitimate RIF, because Sherwin had no obligation to Madison under the FMLA once her employment ended, and because Madison is still unable to perform the essential functions of the ISO position as a result of her continuing medical conditions. This court finds that

Madison has failed to create an issue of material fact as to whether she was treated differently than an other Sherwin employee affected by the company's RIF. In addition, Madison has failed to create an issue of material fact as to whether she had any right to restoration under the FMLA. Furthermore, upon a complete review of the record and taking all facts as alleged by Madison as true, this court finds that Madison has failed to present any evidence that would support a reasonable jury finding that she was terminated by Sherwin because she sought or took FMLA leave. Accordingly, summary judgment in favor of Sherwin is necessary as a matter of law.

It is undisputed in this case that on December 11, 1998, Madison qualified for leave under the FMLA due to her diagnosis of a respiratory infection and a miscarriage. (Am.Compl. ¶12). The FMLA regulations plainly state, however, than an employee like Madison has "no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the FMLA leave period." 29 C.F.R. § 825.216(a); see also Kariotis v. Navistoar Int'l Transp. Corp., 131 F.3d 672, 681 (7th Cir. 1997). Therefore, under the FMLA, an employer is not obligated to reinstate an employee who has been terminated as part of a RIF and an employer's responsibility to continue FMLA leave and restore an employee "cease[s] at the time the employee is laid off." 29 C.F.R. §825.216(a)(1); see also Ilhardt v. Sara Lee Corp., 118 F.3d 1151, 1157 (7th Cir. 1997).

In Kariotis, the plaintiff claimed that the defendant-employer violated the return-to-work provisions of the FMLA. The United States Court of Appeals for the Seventh Circuit held that an employer could lawfully terminate an employee suspected of fraud who was on FMLA leave in the same way that an employer could lawfully terminate an employee for similar reasons who had been working during the same time. 131 F.3d at 681.

In Ilhardt, an attorney sued her former employer for discrimination in violation the FMLA. The evidence in that case established that the attorney's position was eliminated as part of the RIF. 118 F.3d at 1157. The Seventh Circuit affirmed the district court's granted summary judgment in favor of the employer and held the employer had no obligation to reinstate the attorney after her FMLA leave ended because an employer's responsibility to continue FMLA leave and to reinstate an employee ceases at the time the employee is laid off. Id.

Accordingly, this court must consider whether Madison was terminated by Sherwin as part of a RIF, and whether Sherwin's treatment of Madison was similar to how Sherwin would have treated Madison had she been working with Sherwin during the time she was on FMLA leave. The undisputed evidence establishes that in December, 1998, while Madison on FMLA leave, Sherwin underwent a RIF in an effort to make its Chicago facility more responsive to sales and marketing efforts, and that Sherwin eliminated five positions from its Chicago facility that did not directly affect the sales and marketing efforts as a part of a RIF. In addition, the undisputed evidence establishes that Madison's position was one of the positions chosen to be eliminated, that Madison's position, as an ISO, did not directly affect the sales or marketing efforts of Sherwin and that the ISO position was superfluous to Sherwin's operations.

Madison offers no evidence in the record to create an issue of material fact that Sherwin did not undergo a RIF. Madison merely denies any knowledge of Sherwin's RIF in her Local Rule 56.1(b) statement. The only evidence that Madison has adduced in the record is her own affidavit which makes no mention whatsoever of Sherwin's RIF. Madison's affidavit instead rambles on about facts not relevant to this motion for summary judgment. Consequently, the undisputed evidence establishes that the ISO position was eliminated as a part of the RIF and that Madison's

7

employment would have been terminated regardless of whether she had been working or had she been on FMLA leave in December, 1998. Based on the undisputed evidence, Sherwin could have under the law terminated Madison as part of the RIF and the fact that Madison was on FMLA leave is of no consequence. Accordingly, Sherwin's responsibility to continue Madison's FMLA leave and Sherwin's responsibility to restore Madison to her former position ceased at the time Madison was laid off on January 15, 1999. 29 C.F.R. §825.216(a)(1); 118 F.3d at 1157.

As to an employee's right to reinstatement under the FMLA, an employee is entitled to be reinstated to the same position, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment, that the employee held when the employee's FMLA leave commenced after FMLA leave ends. 29 C.F.R. § 825.214(a). An employee is entitled to such reinstatement even if the employee has been replaced or his or her position has been restructured to accommodate the employee's absence. Id. If, however, the employee is unable to perform the essential functions of the position because of the continuation of a serious health condition, the employee has no right to restoration to that position or to any another position under the FMLA. 29 C.F.R. § 825.214(b). The undisputed evidence in this case establishes that Madison is currently unable to perform the duties of an ISO and was unable to perform the duties of an ISO at the time of Sherwin's RIF. In addition, the undisputed evidence establishes that at the time of the RIF Madison was physically unable to perform the duties of any open position at Sherwin's Chicago facility. Accordingly, Madison has no rights to be restored to the position of ISO or to be hired into any other position within Sherwin under the FMLA.

Finally, Madison's claims under the FMLA are without merit because Madison does not allege nor has Madison adduced any evidence in the record to establish that she was terminated from

Sherwin because she sought or took FMLA leave. The FMLA only prohibits employers from discriminating against employees for requesting or taking leave otherwise authorized by the FMLA. 29 U.S.C. § 2617; see also Phelan v. City of Chicago, 125 F. Supp. 2d 870, 875-76 (7th Cir. 2000). Under the FMLA, there is no absolute right not be discharged while on authorized leave. 131 F.3d at 681. In the amended complaint, Madison alleges that "[d]uring the period of time which the Plaintiff would have been able to retain her position because of the Family Medical Leave Act, the Defendant eliminated this position and Plaintiff was terminated." (Am.Compl. ¶14). Accepting these allegations in the amended complaint as true, the amended complaint does not state that Madison was terminated from Sherwin because she sought or because she took FMLA leave. In addition, Madison has not presented sufficient evidence in the record to establish that Madison's request for FMLA leave or her being on FMLA leave affected Sherwin's decision to eliminate the ISO position. Upon further review of the record, Madison has failed to establish an issue of fact of any animus on the part of Sherwin concerning any of her medical leaves and Madison has failed to establish a prima facie claim of discrimination under the FMLA.

## CONCLUSION

For the above stated reasons, Sherwin's motion for summary judgment is GRANTED. This case is dismissed in its entirety with prejudice. All pending motions are moot. All previous dates and schedules are stricken.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Judge

DATE: April 6, 2001